NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID BOTELLO OTERO, *Petitioner*.

No. 1 CA-CR 15-0639 PRPC
FILED 6-1-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2007-005086-001
The Honorable Janet E. Barton, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

David Botello Otero, Douglas
*Petitioner*

_____

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Chief Judge Michael J. Brown joined.

_____

**N O R R I S**, Judge:

¶1            David Botello Otero petitions this court for review from the dismissal of his second petition for post-conviction relief. We grant review, but deny relief.

¶2            In 2007, a Maricopa County Grand Jury indicted Otero for first degree murder and abandonment or concealment of a dead body. Otero was 17 years old when he committed the offenses. In 2008, Otero entered a plea of guilty to both charges. In the plea agreement, the State agreed Otero would "not be sentenced to Natural Life" on the first degree murder charge. The superior court sentenced Otero to a term of life in prison with the possibility of "release" after 25 years on the murder charge and to a concurrent sentence of 1.5 years in prison on the abandonment charge.

¶3            Otero first petitioned for post-conviction relief in 2012. In addition to other arguments, he alleged his trial counsel had been ineffective. The superior court dismissed his petition. Otero then filed a motion for rehearing, alleging he had agreed to plead guilty because his attorneys had told him they had filed a motion to suppress his confession, which the superior court denied. Otero stated he would not have entered the plea agreement had he known that his attorneys had not moved to suppress. The superior court held an evidentiary hearing on Otero's motion.

¶4            After the evidentiary hearing, the superior court denied the motion, finding trial counsel had decided not to move to suppress Otero's confession for strategic reasons. In its ruling, the court also noted that, despite what he had alleged in his rehearing motion, Otero had acknowledged at the evidentiary hearing that trial counsel had not told him they had filed a motion to suppress and it had been denied.   Otero

petitioned this court for review, which the court denied.[1] Otero then petitioned the Arizona Supreme Court for review, which the Supreme Court denied.

¶5          In 2015, Otero filed a second notice of post-conviction relief, arguing that *Miller v. Alabama*, 567 U.S. 460, __, 132 S. Ct. 2455, 2464, 183 L. Ed. 2d 407 (2012), which held "that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment," was a significant change in the law and thus his plea agreement was void. The superior court dismissed Otero's second petition for post-conviction relief, ruling that, given the Legislature's enactment of Arizona Revised Statutes ("A.R.S.") section 13-716 (Supp. 2016), *see infra* ¶ 7, *Miller* did not entitle Otero to relief and, therefore, it was unnecessary to analyze whether *Miller* was retroactive under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). Otero then moved to reconsider, again arguing *Miller* rendered his plea agreement void, and *Miller* was retroactively applicable to his case. The superior court denied Otero's motion for reconsideration, ruling Otero had failed to establish a legal basis for his motion.

¶6          In his petition for review, Otero argues the superior court abused its discretion by dismissing his second petition for post-conviction relief and motion to reconsider because the court "did not properly explain its ruling and the grounds for its ruling." Reviewing the superior court's denial of his petition for post-conviction relief for an abuse of discretion, we reject this argument. *See State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007) (appellate court reviews superior court's ruling on petition for post-conviction relief for abuse of discretion) (citation omitted).

¶7          In its ruling denying Otero's second petition for post-conviction relief, the superior court noted, "The passage of A.R.S. § 13-716 provides Defendant with the meaningful opportunity for parole contemplated by *Miller*." Section 13-716, in turn, provides:

> [A] person who is sentenced to life imprisonment with the possibility of release after serving a minimum number of calendar years for an offense that was committed before the person attained eighteen years of age is

---

[1]*State v. Otero*, 2 CA-CR 14-0262, 2014 WL 4202487, at *2, ¶ 6 (Ariz. App. Aug. 26, 2014) (mem. decision).

eligible for parole on completion of service of
the minimum sentence . . . .

Thus, as the superior court ruled, Otero was not entitled to relief under *Miller*. *See State v. Vera*, 235 Ariz. 571, 578, ¶ 27, 334 P.3d 754, 761 (App. 2014) (Legislature's enactment of A.R.S. § 13-716 provided defendant with opportunity for release under *Miller*).

**¶8**        To the extent Otero challenges the portion of the superior court's ruling that "[w]hen a notice is successive or untimely, the defendant has the burden of alleging specific claims and supporting those claims with specific facts," the superior court properly considered and ruled on his arguments based on *Miller* pursuant to Arizona Rule of Criminal Procedure 32.1(g) (post-conviction relief based on significant change in law) and Rule 32.2(b) (post-conviction relief based on significant change in law not precluded under Rule 32.2(a)).

**¶9**        For the foregoing reasons, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4